MEIERHENRY, Justice
(concurring specially).
[¶ 24.] I concur because I agree that the trial court no longer had jurisdiction to set a restitution amount. This case points out the need for the State to request specific amounts of restitution in the sentencing phase and for the trial courts to include exact amounts as part of the sentence. We need look no further than the judge’s pronouncement at sentencing. There, the judge merely ordered the defendant to “pay for the costs of counseling for the victims.” It is apparent from the judge’s further comments that he had not been presented with evidence of how many victims would actually need counseling or the projected cost of the counseling.
[¶ 25.] The judge left the cost of counseling and how it was to be paid for the Board of Pardons and Paroles to determine. Perhaps, it was set too low; but as the majority opinion points out, those affected had notice and could have appeared at the Board’s hearing to request a more appropriate amount. See supra ¶ 9.
[¶ 26.] The law contemplates that full restitution may not be ordered in all cases. The law defines restitution as “full or partial payment of pecuniary damages to a victim.” SDCL 23A-28-2(4) (emphasis added). The defendant’s situation is also part of the equation, and the law required the court or Board to take into consideration the following factors:
the physical and mental health and condition of the defendant, the defendant’s age, the defendant’s education, the defendant’s employment circumstances, the defendant’s potential for employ *888 ment and vocational training, the defendant’s family circumstances, the defendant’s financial condition, the number of victims, the pecuniary damages of each victim, what plan of restitution will most effectively aid the rehabilitation of the defendant, and each victim, and such other factors as may be appropriate.
SDCL 23A-28-5.
[¶ 27.] There were several opportunities here for the State on behalf of the victims or the victims, themselves, to seek a higher amount of restitution. Additionally, SDCL 23A-28-6 provides that “[i]f the victim is not satisfied with the approved or modified plan of restitution, the victim’s exclusive remedy is a civil action against the defendant, which, if successful, may include attorney’s fees.” (Emphasis added). For the State to wait until after the defendant had served his time, paid the set restitution and been restored his citizenship rights is too late and contrary to the law.
[¶ 28.] KONENKAMP, Justice, joins this special writing.